Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RICKY PÉREZ SANTOS; IBETH Z. COLÓN ROMÁN, N.I.P.C. **Peticionarios** V. MEDTRONIC, INC.; ELVIN VÉLEZ SANTIAGO; JOHN DOE Y OTROS **Recurridos** | TA2025CE00910 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce Caso Núm.: PO2021CV01185 Sobre: Interferencia Torticera, Libelo, Calumnia o Difamación |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez, el Juez Pérez Ocasio

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

El 16 de diciembre del año en curso recibimos el recurso de Certiorari presentado por Ricky Pérez Santos, Ibeth Z. Colón Román, por sí y en representación de su hijo menor de edad NIPC, en adelante la parte peticionaria. En este, nos piden la revocación de una determinación del Tribunal de Primera Instancia que declinó extender el término del descubrimiento de prueba y la fecha, ya extendida, para presentar la oposición a cierta moción de sentencia sumaria.

Al siguiente día, el 17 de diciembre, la parte peticionaria presentó *Moción en Auxilio de Jurisdicción - Solicitud de Paralización*, en la cual, y como fundamento a su reclamo, nos solicitó que paralicemos los trámites ante el foro primario en lo que consideramos si acogemos el recurso.

El Certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de

RES2025_____

Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *800 Ponce de León Corp. v. AIG*, 205 D.P.R. 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016). Aunque el Certiorari se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone, en lo pertinente, que el recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros

apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021). De otra parte, el manejo de los casos lo controlan los tribunales y los jueces, y no las partes. *Consejo de Titulares del Condominio Parques de Cupey v. Triple-S Propiedad, Inc.*, 2025 TSPR 82.

Hemos examinado en su totalidad el tracto procesal que precede la determinación que hoy se cuestiona en este foro. Razón por la cual, atendida la *Moción en Auxilio de Jurisdicción - Solicitud de Paralización,* presentada por la parte peticionaria, la declaramos, *No Ha Lugar.*

Así también, conforme a la discreción que ostentamos para expedir el recurso de *certiorari,* declinamos ejercer la misma, por lo que denegamos la expedición del recurso presentado. Nuestra determinación se fundamenta en la ausencia de elementos que justifiquen nuestra intervención, conforme a los criterios establecidos en la Regla 52 de Procedimiento Civil, supra.

**Notifíquese inmediatamente a las partes.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones